stock for $2,000. Of these 45 shares, 35 shares were issued to Mrs. Simpson, his wife, and 10 shares to Miss L. V. Beale, the company's bookkeeper. Simpson put the 35 shares in his wife's name to avoid judgment creditors. She paid nothing for them. The 10 shares were issued to Miss Beale so that she could become treasurer in accordance with the by-laws. Both Mrs. Simpson and Miss Beale immediately endorsed the certificates in blank, and they were put in the company's safe. Later Miss Beale resigned and her shares were canceled.

The corporation filed an income-tax return as a personal service corporation. It disclosed gross income of $36,616.70, which included more than $15,000 of commissions received on sales made by others. Of such commisions it was required to pay one-half to the other persons. The share of commissions so paid amounted to $7,673.56, and was shown upon the return as a deduction included within ordinary expenses of $12,215.87. The return showed compensation paid to officers and stockholders amounting to $15,097.93. The net income shown was $9,082.97. This amount was included by Simpson on his individual return.

The return of the corporation showed that Simpson was president, devoted all of his time to the corporation, owned 45 shares of stock, and received ι salary; that Mrs. Simpson devoted a nominal amount of time to the corporation, owned 35 shares, and received no salary; that Asquith was secretary, devoted all his time to the corporation, owned 10 shares, and received commissions in 1919 amounting to $10,575.30; that Miss Beale was treasurer, devoted all her time to the corporation, owned 10 shares, and received salary and commissions. The balance sheet showed capital and surplus at the beginning of the year of $6,546.36, and at the end of the year of $15,575.17.

DECISION.

The determination of the Commissioner is approved.

---

Appeal of JOSEPH M. BYRNE.      Docket No. 869.

Release of indebtedness under the facts *held* not a deductible loss.

Submitted March 23, 1925; decided April 13, 1925.

*John A. Conlin, C. P. A.,* for the taxpayer.
*Willis D. Nance, Esq.,* for the Commissioner.

Before JAMES, STERNHAGEN, and TRAMMELL.

This appeal involves a deficiency in income taxes in the amount of $5,108.04 for the year 1919, and is based upon the disallowance by the Commissioner of an alleged loss of $12,000 by reason of the release of a debt owing by a corporation to the taxpayer.

The Commissioner moved that the appeal be dismissed on account of lack of evidence. The taxpayer introduced no evidence but relied

on the allegations of the petition which were admitted in the answer of the Commissioner, from which the Board makes the following

### FINDINGS OF FACT.

The taxpayer was a citizen of Newark, N. J. He died on November 23, 1924. He owned one-half of the outstanding capital stock of the Mercantile Realty & Improvement Co., a New Jersey corporation, with outstanding capital stock of $225,000 par value, and during the years 1914 to 1918, inclusive, advanced to that corporation the aggregate amount of $12,000 to make up half of the operating deficit, from the obligation of repaying which he released the corporation in January, 1919.

The following resolution was adopted by the board of directors of the said corporation on January 28, 1919, with respect to the release of the claim of $12,000 by the taxpayer:

Matter of securing release from Jos. M. Byrne and Arthur G. Hensler in the sum of $12,000 each, was discussed. The Secretary-Treasurer stated that the books showed the Company indebted to each of them for the above amount, same being total of various sums paid by them in cash during the years 1914 to 1918, inclusive, to make up loss in running building 776 Broad St., owned by this Company, in which they are the principal stockholders.

After discussion Messrs. Byrne and Hensler signified their willingness to each take the loss and cancel the debt by giving the Mercantile Realty and Improvement Company a release, dated January 1, 1919.

In June, 1921, the said corporation was dissolved and its assets were distributed in liquidation.

### DECISION.

The determination of the Commissioner is approved.

---

**Appeal of R. D. FLEMING CO.**　　　　　　　　**Docket No. 736.**

Submitted March 31, 1925; decided April 13, 1925.

*Newell W. Ellison, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, and GREEN.

A hearing was had on this appeal March 31, 1925. From the pleadings and from the statement made by counsel for the Commissioner at the hearing the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a Pennsylvania corporation with principal office at 1004 State Street, Erie, Pa. The deficiency letter from which this appeal is taken was mailed to the taxpayer September 22, 1924, and states a deficiency of $1,152.16 in income and profits taxes for the fiscal years ended January 31, 1919, 1920, and 1921.